CONLEY *v.* HILE.

[No. 26,094. Filed December 4, 1933.]

*J. L. Harman, Oscar Jay, Ray Deahl, O. R. Deahl, Kitch & Kitch* and *Robert E. Proctor,* for appellant.

*Verne G. Cawley* and *Thomas A. Davis,* for appellee.

PER CURIAM—Appellee has filed a motion to dismiss

this appeal in which it is alleged that the record was mutilated and changed by appellant or his representatives after it was filed in this court, by adding an eighth specification to appellant's assignment of errors and a page showing the order book entry of appellant's exceptions to the court's conclusions of law. The motion is supported by the affidavits of appellee and his attorney.

Appellant in his answer, supported by the affidavits of his attorneys, says that the eighth specification of his assignment of errors and the unnumbered page upon which is set out the order book entry showing his exceptions and the court's conclusions of law, were inserted in the record after it was bound, but before it was filed in this court.

From the affidavits of appellee and his attorney, it appears that they examined the record carefully after it was filed, and that there was no eighth specification of the assignment of errors, and that the order book entry showing the exceptions to the trial court's conclusions of law was not in the record.

We have examined the record carefully. Appellant's assignment of errors was attached by mucilage. There is some mucilage between the pages. It appears that at one time the pages had been stuck together in such a manner that the eighth cause assigned, which was at the top of the second page, was between the adhering portions and could not have been observed upon examination of the record without pulling the adhering pages apart. The pages are now disengaged and the eighth assignment is readily apparent.

We have reached the conclusion that this assignment was added before the record was filed, but that when appellee and his attorney examined the record the assignment was not apparent for the reason that the pages were stuck together.

That appellant excepted to the trial court's conclusions

of law and that the exceptions appear in the order book entry made at the time the exceptions were taken, is conceded. The praecipe was sufficient to require the clerk to include these exceptions in the transcript of the record. Appellant's attorneys in their affidavits say that the pages of the transcript were delivered to them loose for binding; that after having it bound they examined it and found that the order book entry showing the exceptions was missing; that they went to the clerk's office and informed the clerk of the fact; that he caused the order containing the exceptions to be typed on an unnumbered page, which he delivered to them and authorized them to insert in the record, which they did. It is difficult to see how appellee and his attorney could have failed to find this page in the record if it was there, and yet we are convinced that they did not discover it. The attorneys who make these conflicting affidavits are members of the bar of this court, reputable practitioners, and we cannot conceive of their deliberately mutilating a record or making a false affidavit when they could have accomplished this same result by asking for a writ of *certiorari*.

In view of the fact that the entry might have been brought into the record as a matter of right if it had not been there, and in view of the standing and reputation of the deposing parties, we have concluded that there must be some explanation which, though not apparent, is consistent with all of the affidavits.

The motion to dismiss is overruled. It appears that appellee failed to file cross-errors only because he believed the matter in controversy not to be in the record. Since we have overruled the motion to dismiss, the matter must be treated as properly in the record and, therefore, appellee is granted thirty days from the date of the filing of this ruling within which to file cross-errors if he so desires, and sixty days for the filing of his answer brief on cross-errors.